IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| Nationwide Freight Systems, ) | Case No. 22-06364 |
| ) | Honorable A. Benjamin Goldgar |
| Debtor. ) | |

**NOTICE OF MOTION**

TO:  SEE ATTACHED SERVICE LIST

PLEASE TAKE NOTICE that on the **9th day of January, 2023, at the hour of 10:00 a.m.**, or as soon thereafter as counsel can be heard, I shall appear before the Honorable A. Benjamin Goldgar, Bankruptcy Judge, or before any other Judge who may be sitting in his place and stead and shall present the **Amended Motion for Allowance of Administrative Claim,** a copy of which is attached hereto and herewith served upon you, and shall pray for the entry of an Order in compliance therewith.

**This motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:
**To appear by video,** (1) use the link: https://www.zoomgov.com/. (2) Enter the meeting ID 161 500 0972. (3) Enter the passcode 726993. **Unless otherwise ordered by Judge Goldgar, the hearings will be conducted *without* video.**
**To appear by telephone,** (1) CALL Zoom for Government at 1-669-254-5252 or 1-646-828-7666. (2) Enter the meeting ID 161 500 0972. (3) Enter passcode 726993.
**When prompted identify yourself by stating your full name.**
**To reach Judge Goldgar's web page** go to www.ilnb.uscourts.gov and click on the tab for Judges.

**If you object to this motion** and want it called on the presentment date above, you may file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may call the matter regardless.

By:  /s/Scott R. Clar
Crane, Simon, Clar & Goodman
135 S. LaSalle St., Suite 3950
Chicago, Illinois 60603
(312) 641-6777
sclar@cranesimon.com

## CERTIFICATE OF SERVICE

The undersigned, being first duly sworn on oath deposes and states that she caused a copy of the foregoing Notice and attached Motion to be served via the Court's Electronic Filing System, on each entity shown below on the 13th day of December, 2022.

/s/ Scott R. Clar

## SERVICE LIST

### Via ECF

- **Robert P Handler**   rhandler@com-rec.com, rhandlerscv@ecf.axosfs.com
- **Patrick S Layng**   USTPRegion11.ES.ECF@usdoj.gov
- **Martin J Wasserman**   mwasserman@carlsondash.com, knoonan@carlsondash.com
- **Brian P Welch**   bwelch@burkelaw.com, gbalderas@burkelaw.com
- **David K Welch**   dwelch@burkelaw.com, gbalderas@burkelaw.com;bwelch@burkelaw.com;welchdr67393@notify.bestcase.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:                                  )
                                        )   Chapter 7
Nationwide Freight Systems,             )   Case No. 22-06364
                                        )   Honorable A. Benjamin Goldgar
         Debtor.                        )

**AMENDED MOTION OF CHICAGO TRAILER POOL CORPORATION
FOR ALLOWANCE OF ADMINISTRATIVE CLAIM**

Now comes Chicago Trailer Pool Corp., a creditor herein ("CTP"), by its attorneys, Scott R. Clar and the law firm of Crane, Simon, Clar & Goodman and in support of its Amended Motion for Allowance of Administrative Claim ("Motion") pursuant to Section 503(b)(1)(A) of the Bankruptcy Code ("Motion")[1], states as follows:

**INTRODUCTION**

1.  On June 6, 2022, Nationwide Freight Systems, Inc. ("Debtor") filed a voluntary petition for relief under Chapter 11, Subchapter V of the Bankruptcy Code (the "Petition Date").

2.  Since the Petition Date, the Debtor has operated its business and managed its financial affairs as debtor-in-possession. Robert Handler has been appointed Subchapter V Trustee in this Chapter 11 case.

3.  The statutory predicate for the relief requested in this Motion is Section 503(b)(1)(A) of the Bankruptcy Code.

---

[1] The original Motion was filed on October 17, 2022.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157(a). This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and 157(b)(2)(O).

5. Venue in this District is proper pursuant to 28 U.S.C. § 1408.

6. The Debtor is an Illinois corporation operating from leased premises at 1579 Highpoint Drive, Elgin, Illinois. The Debtor has been in business since 2004 and operates in the trucking industry in 48 states with independent contractor drivers and locally with company-owned tractors and leased trailers. The Debtor warehouses products for a variety of customers and provides fulfillment work as well as loading, cross-docking and re-loading of freight on trailers. The Debtor also performs various freight brokerage and related logistics services.

### THE DEBTOR'S RELATIONSHIP WITH CTP AND THE SETTLEMENT AGREEMENT

7. Prior to the Petition Date, the Debtor and CTP entered into a series of lease agreements pursuant to which the Debtor, as of the Petition Date, leased 45 trailers from CTP for use in the Debtor's business. The Debtor's use of these leased vehicles is essential to its overall business operations.

8. The Debtor, after the Petition Date, has returned four (4) trailers to CTP (the "Returned Trailers").

9. The leases between the Debtor and CTP contain a "Net Maintenance Addendum," which provides for charges to the Debtor in the event of the return of trailers which are not in the condition in which they were initially delivered, and other charges. Copies of the Master Lease Agreements, containing the Net Maintenance Addendum

provision are attached hereto as **Exhibits A** and **B**, respectively (see p. 11 of 13 of the Exhibits).

11. In order to resolve the aforementioned issues, the Debtor and CTP entered into a Settlement Agreement ("Agreement").  The Debtor filed and this Court approved a Motion to Compromise pursuant to Rule 2019 of the Federal Rules of Bankruptcy Procedure, approving the Agreement.   A copy of the Agreement is attached hereto as **Exhibit C**, and a copy of the Order entered by this Court approving the compromise between the Debtor and CTP is attached as **Exhibit D.**

10. As of the Petition Date, issues existed between the Debtor and CTP relating to the underlying lease transactions.

## POST-PETITION INVOICES FOR RETURNED TRAILERS

12. The Returned Trailers required significant repairs for which the Debtor is liable to CTP pursuant to the terms of the Net Maintenance Addendum.  Four (4) invoices were generated by CTP for repairs in connection with the Return Trailers, and sent to the Debtor on December 5, 3022  (the "Invoices").  Copies of the Invoices are attached hereto as **Group Exhibit E**.  The Post-Petition Invoices total $55,608.73.  According to the terms of the Agreement, all invoices from CTP to the Debtor are to be paid within thirty (30) days.

13. Section 503(b)(1)(A) provides for allowance of administrative expenses for the actual, necessary costs and expenses of preserving the estate.

14. The Debtor's use of CTP's trailers, as essential to the Debtor's business, constitutes a necessary cost and expense of preserving the estate.

15. The Debtor voluntarily entered into the Agreement, knowing that the Net Maintenance Addendum contemplating charges for return of trailers, was a part of the Agreement.

16. By this Motion, CTP requests the entry of an Order pursuant to Section 503(b) (i)(A) of the Bankruptcy Code allowing an administrative expense in the amount of $55,608.73, representing the Post-Petition Invoices for the Returned Trailers.

WHEREFORE, Chicago Trailer Pool Corp., by its attorneys, Scott R. Clar and the law firm of Crane, Simon, Clar & Goodman, prays that this Court enter an order as follows:

A. Allowing an administrative claim in the amount of $55,608.73.

B. Allowing administrative claims for any charges incurred by the Debtor for future return of trailers to CTP, and

C. For such other relief as this Court deems just.

Chicago Trailer Pool Corp., Movants

By: /s/Scott R. Clar
One of its attorneys

**Counsel for Movants**
Scott R. Clar
(Atty No. 06183741)
Crane, Simon, Clar & Goodman
135 S. LaSalle St., Suite 3950
Chicago, IL 60603
312-641-6777
W:\MJO2\Chicago Trailer Pool Corp\Allow Admin Claim - Amd.mot and NOM.docx